United States District Court
Southern District of Texas
**ENTERED**
March 15, 2016
David J. Bradley, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CARLOS MELO, JR., | § | |
| Petitioner | § | |
| | § | |
| v. | § | Civil Action No. 1:13-193 |
| | § | Criminal No. B:12-303-4 |
| UNITED STATES OF AMERICA, | § | |
| Respondent | § | |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On October 17, 2013, Petitioner Carlos Melo Jr. ("Melo") filed a Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255. Dkt. No. 1. On December 16, 2013, the United States of America timely responded to the motion. Dkt. No. 8. On June 5, 2014, Melo filed an amended petition, which further set out his claims. Dkt. No. 21.

After reviewing the record and the relevant case law, the Court **RECOMMENDS** that Melo's petition be **DISMISSED,** because he waived his right to file the instant petition. Furthermore, if Melo's petition is not dismissed, it should be **DENIED**, because it is legally and substantively meritless.

### I.  Procedural and Factual Background

On April 10, 2012, a federal grand jury – sitting in Brownsville, Texas – indicted Melo for offering or promising anything of value to a public official with the intent to influence an official act. U.S. v. Melo, Criminal No. 1:12-303-4, Dkt. No. 67 (J. Hanen, presiding) (hereinafter "CR").[1]

#### A.  Rearraignment and Waiver of Appellate Rights

On May 10, 2012, Melo appeared before the Magistrate Judge and entered a plea of

---

[1] Melo was part of a group that attempted to bribe what they believed to be a corrupt government agent to ensure that a certain prisoner would be transferred to a South Texas facility and later be allowed to return to Mexico without being turned over to Mexican authorities. Melo's role was to be the individual who drove the prisoner into Mexico. CR Dkt. No. 168.

guilty to bribery of a public official, pursuant to a written plea agreement. CR Dkt. No. 129.

Both Melo's written plea agreement and plea colloquy indicate that Melo knowingly and voluntarily waived his appellate rights. CR Dkt. No. 132, ¶ 10; CR Dkt. No. 218, p. 31-32.

As relevant here, paragraph 10 of the plea agreement provides:

> Defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed.  The defendant agrees to waive the right to appeal the sentence imposed or the manner in which it was determined on any grounds set forth in Title 18 U.S.C. § 3742.  Additionally, the defendant is aware that Title 18, U.S.C. § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final.  The defendant waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding, including but not limited to Title 28, U.S.C. §§ 1651, 2241 and 2255.
>
> The defendant further waives any rights under Title 28, U.S.C. § 2241 to challenge the manner in which the sentence is executed or the legality of the defendant's detention.

CR Dkt. No. 132, ¶ 10.

The plea agreement also established that Melo's sentence was to be determined by the Court and was not induced by any promises made by his counsel. CR Dkt. No. 132, ¶ 11. As relevant here, paragraph 11 of the plea agreement states that:

> In agreeing to these waivers, defendant is aware that a sentence has not yet been determined by the Court.  The defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he/she may have received from his/her counsel, the United States or the Probation Office, is a prediction, not a promise, did not induce his/her guilty plea and is not binding on the United States, the Probation Office or the Court.

CR Dkt. No. 132, ¶ 11.

During the plea colloquy, the Magistrate Judge clearly established that Melo understood he was waiving his appellate rights.

> [Court]: Mr. Melo, I have in front of me a written plea agreement. Under the terms of this written plea agreement you agree to plead guilty to the Indictment that's been filed against you and to waive your appellate rights in exchange for which the Government will make some recommendations at the time of the sentencing hearing in your case. Under the terms of this written

plea agreement in paragraph 10, Mr. Melo, you say that you are aware that Title 18, United States Code, Section 3742 affords a Defendant the right to appeal the sentence that is imposed. You also say that you are aware that Title 28, United States Code, Section 2255 provides you the right to contest or collaterally attack a conviction or sentence after the conviction or sentence has become final.

In this same paragraph 10 of your written plea agreement you expressly give up and waive your right to contest or appeal your conviction or your sentence under as is set forth or under any of the conditions set forth in 18, United States Code, Section 3742, and you also give up and waive your right to appeal your conviction and sentence after it becomes final under the provisions of Title 28, United States Code, Section 2255.

Now, Mr. Melo, do you understand those terms of your plea agreement?

[Melo:] Yes, Your Honor.

[Court:] Okay. Basically, what it says is, number one, you can appeal your sentence but you're giving up your right to appeal your sentence under any of the grounds that are set forth in Section 3742. It also says that you are aware that you have the right to appeal your conviction and sentence; that is, collaterally attack it, under the provisions of 28, United States Code, 2255. You acknowledge that you have that right but you're also giving up that right. Do you understand those terms?

[Melo:] Yes, Your Honor.

[Court:] All right. And did [your lawyer] explain those terms to you so you could understand them fully?

[Melo]: Yes, Your Honor.

CR Dkt. No. 218, pp. 32-33.

The Court established that Melo had never needed treatment for any kind of substance abuse problem; was not under the influence of any medications or drugs; had discussed the charges with his attorney; was able to assist in his own defense; and was satisfied with his attorney's representation. CR Dkt. No. 218, pp. 6-12. Melo informed the Court that he had not been forced to plead guilty and acknowledged that the plea agreement had been explained to him. Id. at pp. 32-34. The Court further informed Melo that the Court did not have to follow any recommendation within the plea agreement; and that the Court could sentence Melo to something more than Melo might anticipate. Id. at pp. 35-36. Melo stated that he had been informed of the possible sentences that he faced; and the impact of the sentencing guidelines in his case. Id at pp. 22-29. The Court further explained that as a result of

pleading guilty, Melo gave up the right to confront and cross-examine adverse witnesses; the right to call witnesses on his own behalf; subpoena witnesses to make them testify; and gave up his right to choose whether he would testify. Id, pp. 13-15.  Melo confirmed that he understood the implications of giving up his right to trial as a result of pleading guilty. Id. Having stated that he understood all of his rights, Melo entered a plea of guilty to the charge of bribing a public official. Id. at pp. 49-53.

On May 10, 2012, the Magistrate Judge issued a report and recommendation, which recommended that the District Judge accept Melo's guilty plea.

### B. Sentencing

In the final presentence report, Melo was assessed a base offense level of 12. CR Dkt. No. 168, pp. 20-21.  Melo was also assessed a 14-level enhancement because the bribe payment was between $400,000 and $1,000,000; Melo was held accountable for $460,000. Id.  He was also assessed an additional four-level enhancement because the offense involved bribing an official in a high-level decision-making or sensitive position, i.e. a Homeland Security Investigations Agent. Id.  Melo received a three-level reduction for acceptance of responsibility. Id.  Thus, Melo was assessed a total offense level of 27. Id.

Regarding his criminal history, Melo had seven prior adult criminal convictions, which resulted in five criminal history points. CR Dkt. No. 168, pp. 22-25.  Melo was assessed an additional two points because he was on probation at the time that he committed the instant offense. Id.  With seven criminal history points, Melo was assessed a criminal history category of IV.  Id.  The presentence report, based upon Melo's offense level of 27 and criminal history category IV, identified a guideline sentencing range of 100 to 125 months of imprisonment. Id., p. 30.

On September 13, 2012, Melo, through his appointed counsel, filed objections to the PSR. CR Dkt. No. 155.  Melo made three objections:  (1) the PSR incorrectly held him accountable for $460,000 in bribe money; (2) the PSR incorrectly assessed the four-level increase for bribing an official in a sensitive position; and (3) the PSR should have given him a downward adjustment for only playing a minor role in the offense, by merely agreeing to be a driver. Id.

4

On October 10, 2012, the District Court adopted the Magistrate Judge's report and recommendation, accepting Melo's guilty plea. CR Dkt. No. 181.

On that same day, the District Court held the sentencing hearing. As to Melo's first objection, the Court granted it, finding that Melo was only accountable for $250,000. CR Dkt. No. 220, pp. 5-6. The Court denied the second objection, finding that the public official in this case was a law enforcement officer in a sensitive position. Id, p. 26. The Court also denied the third objection. Id, p. 28.

With the Court's granting Melo's first objection, the offense level dropped by two levels to a total offense level of 25. CR Dkt. No. 220, pp. 28-29. His new sentencing guideline range was 84 to 105 months.

The District Court sentenced Melo to 84 months of incarceration, three years of supervised release and a $100.00 special assessment. CR Dkt. No. 220, pp. 32-34. The judgment was entered on October 17, 2012. CR Dkt. No. 185.

Neither the District Court docket nor the Fifth Circuit docket reflect the filing of a direct appeal. A notice of appeal must be filed within 14 days from the entry of judgment. FED. R. APP. P. 4(b)(1)(A), 26(a)(2). Therefore, Melo's deadline for filing a notice of appeal passed on October 31, 2012.

### C.  Motion to Vacate, Set Aside or Correct Sentence Pursuant to § 2255

On October 17, 2013, Melo timely filed the instant § 2255 motion, requesting that the District Court vacate, set aside, or correct his sentence. Dkt. No. 1. In his initial petition, Melo made thirteen separate claims of ineffective assistance of counsel:

(1) counsel "led him to believe that he could receive, at most, a sentence of 48 months imprisonment if he entered into a plea agreement with the government";

(2) counsel failed to fully advise him about the decision to plead guilty;

(3) counsel "failed to research facts and law and raise meritorious arguments based on controlling precedent;"

(4) counsel failed to argue that Melo's Sixth Amendment rights were violated when his sentence was increased based on facts not charged in the indictment;

(5) counsel "failed to challenge the sufficiency of the evidence;"

5

(6) counsel failed to argue that Melo did not possess or control the amount of money charged in the offense;

(7) counsel failed to request an evidentiary hearing to resolve disputed issues at the sentencing hearing;

(8) counsel failed to object to an improper criminal history in the PSR;

(9) counsel never provided Melo with a copy of the PSR;

(10) counsel failed to file a pre-sentencing memorandum to refute the PSR;

(11) counsel failed to seek a downward departure or sentencing variance;

(12) counsel failed to request a non-Guidelines sentence;

(13) "counsel failed to object to a significant procedur[al] error, such as failing to calculate, or improperly calculating the U.S. Sentencing Guidelines range, treating the [Guidelines] as mandatory, failing to consider 18 U.S.C. § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Dkt. No. 1.

On October 17, 2013, the Court ordered the Government to respond to Melo's petition. Dkt. No. 4.

On December 16, 2013, the Government timely filed a response to the petition. Dkt. No. 8.  The Government seeks specific performance of the plea agreement, asserting that Melo waived his right to file the instant petition and that his claims are substantively meritless. Id.

On June 5, 2014, Melo filed an amended § 2255 petition, which merely reiterated his prior claims. Dkt. No. 21.

## II.  Applicable Law

### A. Section 2255

Melo seeks relief pursuant to 28 U.S.C. § 2255. Dkt. No. 1.  As relevant here, that section provides:

(a)  A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise

subject to collateral attack, may move the court which imposed the sentence
to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

Where a § 2255 petitioner exhausts or waives his direct appeal, courts may presume
that he was fairly convicted. U.S. v. Willis, 273 F.3d 592, 595 (5th Cir. 2001).  Generally,
a petitioner may not raise on collateral attack issues that he failed to raise on direct appeal,
absent a showing of cause and prejudice. Id.

"In a habeas action, federal courts stand willing to review issues of jurisdiction,
allegations of substantial constitutional violations, and claims that exceptional circumstances
resulted in a fundamental miscarriage of justice." Lawrence v. McCarthy, 344 F.3d 467, 474
(5th Cir. 2003).

Nevertheless, as a general matter, an informed and voluntary waiver of
post-conviction relief bars relief pursuant to 28 U.S.C. § 2255. U.S. v. Del Toro-Alejandre,
489 F.3d 721, 722 (5th Cir. 2007).  Waiver will not preclude relief, however, if petitioner's
waiver and guilty plea are the product of ineffective assistance of counsel.  See U.S. v.
White, 307 F.3d 336, 343 (5th Cir. 2002) (holding that an ineffective assistance of counsel
claim may only challenge the assistance directly related to the effectiveness of the waiver).

### B. Ineffective Assistance of Counsel

An ineffective assistance of counsel claim brought under § 2255 is subject to the
two-prong analysis articulated in Strickland v. Washington, 466 U.S. 668 (1984). U.S. v.
Grammas, 376 F.3d 433, 436 (5th Cir. 2004).  To establish ineffective assistance, the
petitioner must show: (1) that defense counsel's performance was deficient; and, (2) that the
deficient performance prejudiced the defendant. Id.  To prove that counsel's performance
was deficient, petitioner must show that "it fell below an objective standard of
reasonableness." U.S. v. Juarez, 672 F.3d 381, 385 (5th Cir. 2012).  Courts will not "audit
decisions that are within the bounds of professional prudence." U.S. v. Molina-Uribe, 429
F.3d 514, 518 (5th Cir. 2005).

Prejudice is established by proving "a reasonable probability that, but for counsel's

unprofessional errors, the result of proceeding would have been different." <u>Strickland</u>, 466 U.S. at 694

Once a petitioner fails to prove one prong, it is not necessary to analyze the other one. <u>Armstead v. Scott</u>, 37 F.3d 202, 210 (5th Cir. 1994). A claim of ineffective assistance of counsel is properly made under § 2255, because it raises an issue of constitutional magnitude that cannot – as a general rule – be resolved on direct appeal. <u>U.S. v. Bass</u>, 310 F.3d 321, 325 (5th Cir. 2002). The relevant legal standards as to each of Melo's claims are addressed in the following sections examining those allegations.

**III. Analysis**

A court may entertain and decide a § 2255 motion without requiring the production of the prisoner at a hearing. 28 U.S.C. § 2255. Further, where the information available in the record and the clarity of the facts demonstrate a clear absence of entitlement to relief, a hearing is not required. <u>U.S. v. Bartholomew</u>, 974 F.2d 39, 41 (5th Cir. 1992) ("A motion brought under § 2255 can be denied without a hearing only if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief."). The record in this case satisfies this requirement, for which reason the motion can be decided without a hearing.

In analyzing Melo's claims, a basic premise is that allegations by <u>pro se</u> litigants must be given liberal construction to ensure that their claims are not unfairly dismissed because of their unfamiliarity with the law. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). Even applying that standard, neither the record – nor the law – support Melo's claim.

**A. Waiver of Appellate Rights**

In various allegations, Melo has asserted that his counsel was ineffective. These allegations entitle Melo to no relief. He waived his right to appeal or collaterally attack his sentence when he entered into a plea agreement with the United States. His waiver bars relief under 28 U.S.C. § 2255. <u>U.S. v. Wilkes</u>, 20 F.3d 651, 653 (5th Cir. 1994). Such waivers preclude relief for ineffective assistance of counsel, unless the ineffective assistance "directly affected the validity of that waiver or the plea itself." <u>U.S. v. White</u>, 307 F.3d 336, 343 (5th Cir. 2002).

8

"'A defendant may waive his statutory right to appeal as part of a valid plea agreement, provided (1) his or her waiver is knowing and voluntary, and (2) the waiver applies to the circumstances at hand, based on the plain language of the agreement.'" <u>U.S. v. Scallon</u>, 683 F.3d 680, 682 (5th Cir. 2012)(quoting <u>U.S. v. Jacobs</u>, 635 F.3d 778, 781 (5th Cir. 2011)(per curiam)).  In order for the waiver to be knowing and voluntary, "a defendant must know that he had a right to appeal his sentence and that he was giving up that right." <u>U.S. v. Portillo</u>, 18 F.3d 290, 292 (5th Cir. 1994).

Melo knowingly and voluntarily waived his appellate rights.  The record reveals that the plea agreement expressly stated that Melo was aware of both his right to directly appeal his sentence, pursuant to 18 U.S.C. § 3742, and his right to collaterally attack his conviction and sentence after the conviction and sentence were final, pursuant to 28 U.S.C. § 2255. CR Dkt. No. 132, ¶ 10. That same paragraph indicates that Melo was giving up those rights.

Furthermore, the plea colloquy established that Melo understood that he had those rights and that, as part of his plea agreement, he was giving up those rights. CR Dkt. No. 218, pp. 32-33.  "Solemn declarations in open court carry a strong presumption of verity." <u>Blackledge v. Allison</u>, 431 U.S. 63, 73-74 (1977).

Melo has asserted that his counsel coerced him into pleading guilty by promising him a 48-month sentence, rather than the 84 month sentence that he received. Dkt. No. 1.  This claim is contradicted by the record.

The plea agreement expressly states that Melo was "aware that any estimate of the possible sentencing range under the sentencing guidelines that he[] may have received from his[] counsel, the United States or the Probation Office, is a prediction, not a promise [and] did not induce his[] guilty plea." CR Dkt. No. 132, ¶ 11.

Furthermore, Melo was asked, at his re-arraignment, whether "anybody promised [him], forced [him] or threatened [him] in any way to get you to plead guilty?" CR Dkt. No. 218, p. 38.  Melo replied, "No, Your Honor." <u>Id</u>.  Melo was then asked if "anybody promised you anything other than what is contained in your plea agreement to get you to plead guilty?" <u>Id</u>.  He replied, "No, Your Honor." <u>Id</u>.  As previously noted, "[s]olemn declarations in open

court carry a strong presumption of verity." <u>Blackledge</u>, 431 U.S. at 73-74.  It is well-established that a self-serving assertion of coercion is insufficient to overcome this strong presumption of verity. <u>McDonald v. Johnson</u>, 139 F.3d 1056, 1060 (5th Cir. 1998); <u>U.S. v. Coronado</u>, 554 F.2d 166, 171 n. 12 (5th Cir. 1977) (collecting cases).

Melo provided no evidence contradicting his in-court statements.  Indeed, Melo was informed of his rights and indicated that he wished to waive them pursuant to the plea agreement.  Accordingly, the record establishes, without doubt, that Melo's waiver was knowingly and voluntarily made.

Further, Melo's waiver clearly applies to this case.  Melo is attempting to collaterally attack his conviction and sentence pursuant to 28 U.S.C. § 2255, an avenue expressly foreclosed by his plea agreement.  Therefore, this case should be dismissed based upon that waiver.

Moreover, Melo's claim that he was induced to plead guilty based upon his counsel's promise that he'd receive a sentence of 48 months, is subject to the same analysis; with the same result.  That particular claim was one of the 13 enumerated claims made in his petition. Given the Court's recommendation regarding this claim, the Court turns to the remaining 12 claims.  For the reasons discussed below, even if Melo did not waive his right to file the instant appeal, the result is no different.

### B. Failed To Advise

Melo has asserted that his counsel "unprofessionally failed to advise [him] as to all facts and law relevant to his decision to plead guilty" and that if he had been properly advised, his counsel would have "competently pursued a more favorable plea agreement." Dkt. No. 1, p. 5.  This claim is meritless.

"Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his <u>pro se</u> petition..., unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." <u>Ross v. Estelle</u>, 694 F.2d 1008, 1011-12 (5th Cir. 1983) (citing <u>Woodard v. Beto</u>, 447 F.2d 103 (5th Cir. 1971)).  In short, conclusory allegations are insufficient to raise a constitutional issue. <u>U.S.</u>

v. Pineda, 988 F.2d 22, 23 (5th Cir. 1993).

Melo has made no showing as to what facts or law he was not advised of.  Moreover, he has failed to make any showing that these facts and/or law were so relevant that they would have changed his calculus on pleading guilty.  Again, Melo has made a mere conclusory allegation with no facts to support it.  Accordingly, his claim is meritless and should be denied.

### C. Research

Melo asserts that his counsel "failed to research facts and law and raise meritorious arguments based on controlling precedent to Mr. Melo's objections." Dkt. No. 1, p. 7.  This claim is also meritless.

Again, Melo does not plead what facts, law, or meritorious arguments were omitted by his counsel.  He has made a simple formulaic, boilerplate objection, with no reference to the record to support his claim.  This is a conclusory allegation and a meritless claim. Pineda, 988 F.2d at 23.  It should be denied.

### D. Sentencing

Melo has asserted that his counsel failed to argue that Melo's Sixth Amendment rights were violated when his sentence was increased based on facts not charged in the indictment. This claim is foreclosed by existing case law.

Melo appears to be arguing that his sentence was unconstitutionally enhanced by the consideration of facts – not charged in the indictment – that resulted in the imposition of sentencing enhancements.  The Fifth Circuit has held that the district court is permitted to use facts – outside of those charged in the indictment – in determining the advisory guideline sentencing range. U.S. v. Harris, 213 F. App'x 286, 287 (5th Cir. 2007) (unpubl.) (citing U.S. v. Johnson, 445 F.3d 793, 797-98 (5th Cir. 2006).  Melo appears to be conflating facts used in calculating the advisory guideline range with the facts used to increase a mandatory minimum sentence; the latter must be admitted by the defendant or proven beyond a reasonable doubt. Alleyne v. U.S., — U.S. —, 133 S.Ct. 2151 (2013).  Melo was not subject to a mandatory minimum sentence.  As such this claim is meritless and should be denied.

### E. Sufficiency of the Evidence

On this issue, Melo's entire claim is "[c]ounsel failed to challenge the sufficiency of the evidence." Dkt. No. 1, p. 14.  This claim is conclusory and should be dismissed.

Melo does not explain how the evidence against him was insufficient or what meritorious arguments his counsel failed to raise.  This is a conclusory allegation and a meritless claim. Pineda, 988 F.2d at 23.  Furthermore, Melo's voluntary guilty plea waived any non-jurisdictional defects in the proceedings, including any claims concerning the sufficiency of the evidence. Nobles v. Beto, 439 F.2d 1001, 1002 n 1 (5th Cir. 1971).  As with the others, this claim is meritless and should be denied.

### F. Possession and Control

Melo asserts that his counsel failed to argue that Melo never possessed or controlled the bribe money in this case.  Even at face value, this claim entitles Melo to no relief.

To the extent that Melo is asserting that possession and control were elements of the crime, this claim is meritless.  Melo was indicted for bribery; possession and control are not elements of the offense. 18 U.S.C. § 201(b)(1)-(2); see also U.S. v. Collier, 66 F.3d 320, *2 (5th Cir. 1995) (per curiam) (noting that the elements for bribery are (1) directly or indirectly giving something of value to a public official; (2) giving the thing of value with intent to induce the public official's actions).

To the extent that Melo is asserting that his lawyer should have sought a reduced sentence because Melo never possessed or controlled the money, the claim is belied by the record.  Counsel explicitly argued at sentencing that Melo didn't have the money with him and his only role was to be a driver for an event that never came to pass. CR Dkt. No. 220, pp. 6-7.  Thus, counsel made the claim to the judge at sentencing and it was plainly rejected; this is not ineffective lawyering. Chandler v. U.S., 218 F.3d 1305, 1314 (11th Cir. 2000) (en banc) ("Nor does the fact that a particular defense ultimately proved to be unsuccessful demonstrate ineffectiveness.").  Accordingly, this claim is meritless and should be denied.

### G. Evidentiary Hearing

Melo asserts that his counsel "failed to request . . . an evidentiary hearing at

sentencing that was necessary to resolve with care [the] disputes about sentencing factors."
Dkt. No. 1, p. 14.

This claim is wholly conclusory. <u>Pineda</u>, 988 F.2d at 23.  Melo has not identified why
a evidentiary hearing should have been requested; what evidence his attorney should have
brought forth at that hearing; and how that hearing would have changed his sentence.  This
claim should be denied.

### H. Criminal History

Melo asserts that counsel "failed to object to improper criminal history in [PSR]."

"Generally, a PSR bears sufficient indicia of reliability to permit the district court to
rely on it at sentencing." <u>U.S. v. Taylor</u>, 277 F.3d 721, 724 (5th Cir. 2001).  The defendant
bears the burden to refute any inaccurate information in the PSR. <u>Id</u>.

Melo's boilerplate assertion of error, with no facts listed in support, fails to meet his
burden.  He has failed to identify any errors in his PSR or how those errors impacted his
guideline sentencing range.  This claim is conclusory and should be denied. <u>Pineda</u>, 988 F.2d
at 23.

### I. Pre-Sentence Report

Melo avers that his counsel failed to provide him with a paper copy of his pre-
sentence report.  Even assuming that this allegation is true, Melo is not entitled to relief.

This claim elevates form over substance.  At his sentencing hearing, Melo stated that
he "went over the presentence report with" his counsel. CR Dkt. No. 220, p. 4.  Thus, by
Melo's own account, he reviewed its contents with his lawyer prior to the sentencing hearing.
<u>See</u> <u>U.S. v. Jackson</u>, 453 F.3d 302, 306 (5th Cir. 2006) (noting that a defendant has a right
to "examine" the PSR and object to its contents).  Even if Melo wasn't given a paper copy
of the PSR by his attorney, he has not shown any prejudice that resulted from this purported
failure.

In short, Melo has pled no facts to show that the outcome of his sentencing would
have been different if he had been given a physical copy of the report. <u>See</u> <u>U.S. v. McClain</u>,
280 Fed. App'x 425, *4 (5th Cir. 2008) (unpubl.) (noting that the standard for claims that the

defendant did not receive a copy of the PSR is plain error, which requires a showing that the defendant was prejudiced by not receiving a copy of the PSR).  Accordingly, this claim is meritless and should be denied.

### J. Pre-Sentencing Memorandum

Melo avers that his counsel "failed to file a defense sentencing memorandum to refute information contained in the pre-sentence report and to provide information in support of Mr. Melo." Dkt. No. 1, p. 15.

This claim, like so many others, is conclusory and contrary to the record.  Melo does not cite any specific information or arguments that counsel should have raised in this proposed memorandum.  Such a conclusory allegation does not raise a constitutional issue. Pineda, 988 F.2d at 23.

Furthermore, counsel did file written objections to the PSR, attacking portions of the calculations and raising factual questions about Melo's role in the offense. CR Dkt. No. 155. The fact that the argument was unsuccessful does not prove that it was ineffective. Chandler, 218 F.3d at 1314.  Thus this claim is belied by the record and should be denied.

### K. Downward Departure

Melo asserts that his counsel failed to move for a downward departure at sentencing.  This claim is contrary to the record and meritless.

Counsel did seek a downward departure on Melo's behalf; arguing that Melo played only a minor role in the offense. CR Dkt. No. 155.  The judge rejected the argument. CR Dkt. No. 220, p. 28.  Melo has not identified any other basis for a downward departure or variance that his counsel should have sought.  Accordingly, this claim is both conclusory and belied by the record; it should be denied.

### L. Non-Guidelines Sentence

Melo asserts that his counsel failed to request a non-guideline sentence in his case. Dkt. No. 1, p. 15.  No facts are offered to substantiate this allegation and it is meritless.

Melo has not identified any basis for a non-guideline sentence or any arguments his lawyer should have made; nor has he established that he was prejudiced by his counsel's

failure to make such arguments.  These failures dictate that this claim be denied for failing to raise a constitutional issue. <u>Pineda</u>, 988 F.2d at 23.

### M. Procedural Error

Melo avers that "counsel failed to object to a significant procedur[al] error, such as failing to calculate, or improperly calculating the U.S. Sentencing Guidelines range, treating the [Guidelines] as mandatory, failing to consider 18 U.S.C. § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Dkt. No. 1, p. 15.  Melo has failed to list any facts or specific allegations of failures by his attorney.

Instead, this sentence is a boilerplate laundry list of possible procedural errors with no facts to establish that any of these errors actually occurred in this case.  A conclusory listing of possible errors does not raise a constitutional issue. <u>Pineda</u>, 988 F.2d at 23. Accordingly, this claim should be denied.

## IV.  Recommendation

WHEREFORE it is **RECOMMENDED** that Carlos Melo's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, Dkt. No. 1, should be **DISMISSED** on the basis that Melo has waived his right to file the instant petition.  Alternatively, it should be denied as meritless.

### A.  Certificate of Appealability

Unless a circuit justice or judge issues a Certificate of Appealability ("COA"), a petitioner may not appeal the denial of a § 2255 motion to the Fifth Circuit. 28 U.S.C. § 2253(a),(c)(1).  A petitioner may receive a COA only if he makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003).  To satisfy this standard, a petitioner must demonstrate that jurists of reason could disagree with the court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. <u>Id.</u> at 327; <u>Moreno v. Dretke</u>, 450 F.3d 158, 163 (5th Cir. 2006).  A district court may <u>sua sponte</u> rule on a COA because the court that denies relief to a petitioner is in the best position to

determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

After reviewing Melo's § 2255 motion and the applicable Fifth Circuit precedent, the Court is confident that no outstanding issue would be debatable among jurists of reason. Although Melo's § 2255 motion raises issues that the Court has carefully considered, he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, it is **RECOMMENDED** that a COA should be denied.

**B.  Notice to Parties**

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Andrew S. Hanen, United States District Judge. 28 U.S.C. § 636(b)(1) (eff. Dec. 1, 2009).  Failure to timely file objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district court except upon grounds of plain error or manifest injustice. See § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

DONE at Brownsville, Texas, on March 15, 2016.

Ronald G. Morgan
United States Magistrate Judge